IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLORADO

Civil Action No.: 07-cv-2247-JLK

RE/MAX INTERNATIONAL, INC., a Colorado corporation,

        Plaintiff,
v.

CHRISTOPH DIETZ, an individual and citizen of Germany;

and

INTERNATIONAL ASSIGNMENT SERVICE GROUP EUROPE,
a German civil law company

        Defendants.

---

**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT**

---

This matter is before me on Plaintiff's Motion for Entry of Default Judgment (Docket No. 24) filed on September 16, 2008. For the reasons set forth below, Plaintiff's motion for default judgment is **GRANTED**.

The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. Plaintiff duly served the Defendants by means of a Request for Service Abroad of Judicial or Extrajudicial Documents, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters and Fed.R.Civ.P. 4(f). (See Docket No. 17). Defendants have failed to answer or otherwise respond within the time permitted by law, and thus have admitted the factual allegations of the Complaint other than those relating to damages. *See* Fed.R.Civ.P. 8(b)(6); *see also Burlington Northern Railroad Co. v. Huddleston*, 94 F.3d 1413,

1415 (10th Cir. 1996). Entry of Default pursuant to Fed.R.Civ.P. 55(a) was made by the clerk on August 4, 2008. (Docket No. 20).

Plaintiff sued for monetary, injunctive, and declaratory relief based on Defendants' conduct before and after expiration of the Trademark License Agreement for Corporate Relocation Services in Europe ("License"). For the reasons set forth in Plaintiff's Motion (Docket No. 24), I find that Plaintiff is entitled to a default judgment on its claims. Furthermore, I find that Plaintiff is entitled to a permanent injunction because Defendants have agreed in the License that a failure to comply with its provisions "would result in irreparable injury to RE/MAX for which no adequate remedy at law may be available."

Moreover, Defendants have agreed to a liquidated damages provision requiring payment of $1,000 per day for each day during which the post-expiration provisions of the License are violated. I find that Defendants have been in violation of post-expiration provisions of the License since at least May 1, 2007, resulting in liquidated damages of $497,000.00.

Finally, I find that Defendants have agreed to pay Plaintiff its costs and reasonable attorneys' incurred in Plaintiff's efforts to enforce the post-expiration provisions. Based on the Declaration submitted by Plaintiff, I find that Plaintiff is entitled to $44,816.90 as its attorneys' fees in this case, and $7,668.79 as costs.

**THEREFORE, IT IS ORDERED** as follows:

1. That Plaintiff's Motion for Entry of Default Judgment (Docket No. 24) filed September 16, 2008, is **GRANTED**;

2. That the License, pursuant to its terms, is governed by the substantive laws of the United States of America and the State of Colorado, without giving effect to the choice of law

principles thereof.

3. That Defendants, Christoph Dietz and International Assignment Service Group Europe, along with their principals, agents, servants, employees, successors, and assigns and all those in privity, concert, or participation with them are hereby **ENJOINED** from:

   a. imitating, copying, duplicating, or otherwise making any use of the RE/MAX Trademarks or any mark confusingly similar to the RE/MAX Trademarks, whether orally or in written materials;

   b. manufacturing, producing, distributing, circulating, selling, or otherwise offering of any printed material which bears any copy or colorable imitation of the RE/MAX Trademarks;

   c. using any unauthorized copy or colorable imitation of the RE/MAX Trademarks in such fashion as is likely to relate or connect Defendants with RE/MAX or the RE/MAX network of real estate affiliates;

   d. using or making any false representation or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered, or sold by Defendants is sponsored, endorsed, connected with, approved, or authorized by RE/MAX, including but not limited to, statements that Defendants have a relationship or are sponsored by RE/MAX or the RE/MAX network of real estate affiliates; and

   e. causing likelihood of confusion or injury to RE/MAX's business reputation and to the distinctiveness of the RE/MAX Trademarks by unauthorized use of a confusingly mark.

4. That Defendants, Christoph Dietz and International Assignment Service Group Europe, along with their principals, agents, servants, employees, successors, and assigns and all those in privity, concert, or participation with them are hereby **ORDERED** to

   a. return to RE/MAX all confidential information belonging to RE/MAX and return to RE/MAX or destroy all other materials, including stationery, letterhead, signage and the like which bear any of the RE/MAX Trademarks in Defendants' possession, custody or control;

   b. cease from representing to anyone, in public or private, that Defendants are a licensee of RE/MAX or in any way affiliated with any kind of network operating under the RE/MAX Trademarks;

   c. comply with any and all requests of RE/MAX to indicate to the general public the disassociation of the parties under the License;

   d. transfer to RE/MAX any wrongfully withheld domain names, including but not limited to, <remax-relocation-europe.com> and <remax-relocation-europe.info>;

   e. take any and all action necessary, including the filing of certificates or affidavits, with the appropriate authority, to remove or cancel the Marks, trade names, slogans, logos or domain names from any and all offices, corporate names, trade names, licenses and to aid and assist in the cancellation of Defendants as authorized users of the RE/MAX Trademarks; and

   f. provide RE/MAX with whatever assistance or information it may need concerning matters in which Defendants had been involved and generally cooperate with RE/MAX in order to ensure a smooth transition.

5. That default judgment in the amount of $497,000.00 **SHALL ENTER** for Plaintiff, RE/MAX International, Inc., against Defendants, Christoph Dietz and International Assignment Service Group Europe, jointly and severally, on Plaintiff's causes of action set forth in Plaintiff's Verified Amended Complaint (Docket No. 11);

6. That, pursuant to the contractual provisions between the parties, Plaintiff is **AWARDED** $44,816.90 as its attorneys' fees;

7. That pursuant to 28 U.S.C. § 1961(a), Plaintiff is **AWARDED** post-judgment interest on the principal amount of the judgment from the date of entry of judgment until the judgment is paid in full; and

8. That the Plaintiff is **AWARDED** its costs in the amount of $7,668.79 to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR. 54.1.

**FURTHERMORE, THE COURT DECLARES** as follows:

9. That Defendants, Christoph Dietz and International Assignment Service Group Europe, have infringed the RE/MAX Trademarks in violation of federal law and that Defendants have damaged RE/MAX's goodwill by their conduct;

10. That Defendants, Christoph Dietz and International Assignment Service Group Europe, were prohibited from sublicensing the use of the RE/MAX Trademarks, and from directly or indirectly selling, assigning, transferring, conveying, giving away, pledging, mortgaging or otherwise encumbering any interest in the License, pursuant to the terms of use in the License.

11. That any contractual agreements entered into by Defendants that purported to allow, grant, license or permit any third parties to use, display or identify themselves with the RE/MAX Trademarks or any trade name including those Marks are null and void, not legally binding and

unenforceable under the law.

12. That Defendants, Christoph Dietz and International Assignment Service Group Europe, wrongfully and without authorization sublicensed the use of the RE/MAX Trademarks, in breach of the License.

Dated September 19, 2008, at Denver, Colorado.

BY THE COURT:

*s/John L. Kane*
John L. Kane, Senior Judge
United States District Court